```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

UNITED STATES OF AMERICA

VS.                                 CRIMINAL NO. 5:15-cr-8(DCB)(FKB)

ELIJAH MOORE

<u>ORDER</u>

This cause is before the Court on the defendant Elijah Moore's motion to compel discovery **(docket entry 13)** and motion to suppress **(docket entry 14)**. Having carefully considered the motions, the Government's responses, the memoranda and the applicable law, the Court finds as follows:

The Government has provided the following background to this case:

On August 8, 2015, Trooper Elmo Townsend, with the Mississippi Highway Patrol, observed a 2016 Volvo tractor pulling a 2016 utility reefer trailer on I-20. The tractor disregarded a stop sign located at the end of ramp number 15 from I-20 East. Trooper Townsend pulled beside the vehicle and turned on his spotlight in order to identify the trucking firm and to obtain other identifying information located on the truck.

When Trooper Townsend proceeded to the front of the tractor to visually inspect the front tag, he observed that the driver was a black male wearing a military style hat. The driver was later identified as Chavonte McLaurin. Trooper Townsend then noticed

McLaurin attempting to exit the driver's seat in order to allow the passenger, Elijah Moore, to take the driver's seat.

Trooper Townsend approached the passenger side of the tractor and made contact with the occupants. He asked for McLaurin's license, to which McLaurin replied that he did not possess a driver's license but did have a Mississippi identification card. Trooper Townsend then asked for Moore's operator's license, which he was able to produce. Moore was then asked by Trooper Townsend to produce his Log Book and Bill of Laden. No driving log entries had been made by Moore since he departed California, a violation of Federal Motor Carrier laws. For officer safety, Trooper Townsend advised both subjects of the reason for the stop and requested that they step out of the vehicle while he conducted a license and registration check at his unit.

Trooper Townsend called for backup while running the license and performing a criminal status check on both Moore and McLaurin. Trooper Troy Moses and Trooper Jamie Puckett arrived at the location of the stop within minutes. Trooper Townsend also requested that a Motor Carrier unit come to the location due to the blatant log book violation and the fact that an unauthorized person was operating the commercial vehicle.

Trooper Townsend received the requested information from dispatch and was informed that Moore had a valid class A license and that he had a previous criminal history of possession of a

2

controlled substance with intent to deliver.

Troopers Moses and Puckett observed both McLaurin and Moore and had reasonable suspicion to believe that criminal activity may be involved, based on Moore and McLaurin's nervousness and deception. Based on the information received from dispatch, the behavior observed by Moses and Puckett, and Trooper Townsend's own reasonable suspicion due to his interaction with both occupants, he requested that Trooper Moses or Trooper Puckett do a cursory scan of the outside of the tractor and trailer with the narcotic K-9.

Trooper Moses conducted the scan and the K-9 gave positive indications on the trailer and at the front drain holes of the rear doors. Based on this hit and the other indicators along with the positive indications from the K-9, Trooper Townsend asked for written consent to search by Moore, which he granted. Moore admitted to bags of marijuana in the trailer at the back doors, at which time both Moore and McLaurin were arrested and given their Miranda rights.

A search of the tractor and trailer was conducted and resulted in eight (8) black duffle bags each containing bricks of marijuana. Also found inside of the tractor was a pill bottle containing methamphetamine. Those items were given to Agent Robbie Dearman with the Mississippi Bureau of Narcotics.

In his Motion to Compel Discovery, the defendant objects to the redaction of names in material supplied by the Government, on

grounds that those individuals may have information which may prove exculpatory as to the defendant. The defendant also seeks discovery of certain evidence as set forth in the motion.

An Order Regarding Discovery was filed in this case by Magistrate Judge F. Keith Ball on December 17, 2015. The Order required that general discovery pursuant to Fed.R.Crim.P. 16 and Brady v. Maryland be provided to the defendant within 30 days of the Order. The Government timely complied with the Order.

The Order also requires the Government to provide the defendant with (1) a witness list; (2) witness statements; (3) Rule 404(b) material; and (4) Giglio material five calendar days prior to trial on the merits. The Government states that it recognizes and acknowledges its obligations pursuant to Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure. The Government further states that it has complied and will continue to comply with its discovery obligations. Response, p. 1.

The defendant has also filed a Motion to Suppress, alleging that the evidence obtained during the stop of the Moore vehicle is "fruit of the poisonous tree," and seeks dismissal of the charges against him. The defendant also states, however, that he filed his motion to meet the non-dispositive motion deadline of May 9, 2016, and if the Court grants the defendant's motion for continuance

and/or motion to compel, he will re-file his motion. The Court granted the defendant's motion for continuance on May 18, 2016, moving the dispositive motion deadline to July 25, 2016, and resetting the jury trial for the term of court that begins August 1, 2016.

The Court shall therefore deny the defendant's motion to compel discovery and motion to suppress without prejudice. The parties shall notify the Court regarding the status of discovery, whether the defendant will re-file his motion to suppress, and if so whether the parties seek a hearing on the motion so that one may be scheduled.

Accordingly,

IT IS HEREBY ORDERED that the defendant Elijah Moore's motion to compel discovery **(docket entry 13)** and motion to suppress **(docket entry 14)** are DENIED WITHOUT PREJUDICE.

SO ORDERED, this the 21st day of June, 2016.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE